UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| AL'RASHON BROWN,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Civil Action No. 20-8965 (SDW)<br><br><br>MEMORANDUM OPINION |

IT APPEARING THAT:

1. On or about June 30, 2020, Petitioner Al'Rashon Brown filed his initial § 2255 motion in this manner. (ECF No. 1).

2. On July 17, 2020, this Court entered an order administratively terminating this matter as Petitioner had failed to use the form required by the local rules. (ECF No. 2). As part of that same order, this Court directed Petitioner to show cause why his motion to vacate sentence should not be dismissed as time barred. (*Id.* at 2-4).

3. As this Court explained:

> Petitioner's current motion to vacate sentence [appears to be] time barred. Motions to vacate sentence brought pursuant to 28 U.S.C. § 2255 are subject to a one year statute of limitations which in most cases runs from the latest of several possible dates: the date on which the petitioner's conviction becomes final, the date on which an impediment to making his motion is removed, the date on which the Supreme Court first recognizes the claims raised where a claim is based on a newly recognized right made retroactive to cases on collateral review, or the date on which the facts supporting the claim first could have been discovered through due diligence. 28 U.S.C. § 2255(f)(1)-(4). "In most cases, the operative date from which the limitation period is measured will be . . . the date on which the judgment of conviction becomes final." *Dodd v. United States*, 545 U.S. 353, 357 (2005) (internal quotations omitted). Where a petitioner fails to file a direct appeal, his conviction is considered

1

> final, when the time for the filing of an appeal has run. *See Kapral v. United States*, 166 F. 3d 565, 577 (3d Cir. 1999).
>
> Here, Petitioner's conviction became final fourteen days after his judgment of conviction was entered on June 18, 2018, or on July 2, 2018, when he failed to file a direct appeal. *Kapral*, 166 F.3d at 577. If Petitioner's one-year limitations runs from that date, then Petitioner's current motion is time barred by nearly a year as his limitations period expired on July 2, 2019. The only alternative starting point for the statute of limitations Petitioner appears to assert is the date on which *Rehaif* was decided. *Rehaif*, however, would only provide an alternative starting date if *Rehaif* was the first case to recognize the "right asserted" by Petitioner *and* was made "retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). As the Third Circuit has recently explained, *Rehaif* neither created a new "right" by announcing a new rule of constitutional law, nor was it made retroactive to collateral review cases. *See In re Sampson*, 954 F.3d 159, 161, 161 n. 3 (2020); *see also United States v. McArthur*, No. 16-53, 2020 WL 3064293, at *2 (W.D. Pa. June 9, 2020). It thus does not appear that *Rehaif* provides an alternative start date. Even if it did, however, *Rehaif* was issued on June 21, 2019, and Petitioner did not sign, let alone file, his current motion until June 30, 2020, after one year had passed from the issuance of *Rehaif*. Petitioner's motion thus appears to be time barred even if *Rehaif* did provide an alternative starting date.

(ECF No. 2 at 2-4).

4. On or about January 11, 2021, Petitioner final filed an amended motion to vacate sentence on the required form. (ECF No. 7). In his amended motion, Petitioner presents only two arguments for why his motion should not be time barred – his belief that *Rehaif* should provide a later starting date for the one-year limitations period, and an argument in which he asserts he should receive equitable tolling for the period between March and June 2020 due to COVID-19 related prison lock-downs. (Document 1 attached to ECF No. 7 at 16).

5. As Petitioner has now filed his amended motion to vacate sentence on the required form and has responded to this Court's order to show cause (ECF No. 2), this Court is required to screen

2

his motion and dismiss the motion if it "appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *see also* Rule 4 of the Rules Governing Section 2255 Proceedings.

      6. Even putting aside the question of whether *Rehaif* issued a retroactive new rule of law sufficient to alter the starting date for the § 2255(f) limitations period,[1] Petitioner's motion to vacate sentence remains time barred. As noted above, Petitioner did not file his motion to vacate sentence within one year of *Rehaif*. Instead, he filed his initial motion at least nine days later. Petitioner's motion is therefore time barred unless he can show an entitlement to equitable tolling even assuming *Rehaif* provides him a later starting date for his limitations period.

      7. Equitable tolling "is a remedy which should be invoked 'only sparingly.'" *United States v. Bass*, 268 F. App'x 196, 199 (3d Cir. 2008) (quoting *United States v. Midgley*, 142 F.3d 174, 179 (3d Cir. 1998)). Tolling therefore only applies where a petitioner shows "(1) that he faced 'extraordinary circumstances that stood in the way of timely filing,' and (2) that he exercised reasonable diligence." *Johnson*, 590 F. App'x at 179 (quoting *Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011)). Excusable neglect is insufficient to establish a basis for equitable tolling. *United States v. Thomas*, 713 F.3d 165, 174 (3d Cir. 2013).

      8. Here, Petitioner argues he should be provided equitable tolling because his prison was locked down for three months between mid-March or April 2020[2] and the filing of his motion in late June, and Petitioner believes that this should provide him equitable tolling. According to

---

[1] The Third Circuit has yet to speak on this issue directly, as opposed to by implication as in *Sampson*, and those district courts to speak on the issue are divided. *Compare United States v. Battle*, No. 16-17, 2020 WL 4925678, at *4-5 (W.D. Pa. Aug. 21, 2020), *with United States v. Roberts*, No. 15-387, 2020 WL 6700918, at *2 n. 3 (E.D. Pa. Nov. 13, 2020).

[2] The Court notes that in his initial filing, Petitioner stated that the lockdown did not start until mid-April (*See* ECF No. 1 at 4), while he now contends that it began on March 12, 2020. (Document 1 attached to ECF No. 7 at 16).

Petitioner, however, he began working on his motion "sometime in November 2019," but did not finish his untimely original motion until parts of the facility lock-down were lifted permitting him to return to the law library in June 2020. (Document 1 attached to ECF No. 7 at 16). Petitioner does not detail what efforts he made in November 2019, or what further efforts he made between November 2019 and the beginning of the lock-down in mid-March, now what steps he attempted to take between March and June which were blocked by prison lock-downs.

      9. In *Thomas*, the Third Circuit rejected an argument for equitable tolling raised by a petitioner who had full access to legal materials, presumably including a law library, for nine months out of his one year limitations period, and who had not explained why he needed further legal materials during the remaining three months to timely complete his motion to vacate sentence as the petitioner could not show that he had been reasonably diligent in pursuing his rights under those circumstances. Even assuming that COVID-19 lockdowns amount to an "extraordinary circumstance," it is neither clear that the lock down in question stood in Petitioner's way, nor that Petitioner diligently pursued his rights. Like the Petitioner in *Thomas*, Petitioner had full access to the law library and legal materials for approximately nine months between the filing of the *Rehaif* decision in June 2019 and the start of the COVID-19 lockdown in March or April 2020. Likewise, by his own admission Petitioner first started work on his motion in November 2019. Petitioner thus allowed five months of his one-year limitations period to expire before he even began work on his motion. Likewise, because Petitioner began work in November 2019, and his motion concerns only one case – *Rehaif* – it follows that if Petitioner began work in November 2019, he was aware of *Rehaif* by that time. If Petitioner was aware of the legal ramifications of *Rehaif*, it is utterly unclear why he needed a law library or other legal materials to complete his motion to vacate sentence, and Petitioner has not explained why he needed the law library or other

4

legal materials to complete his motion to vacate sentence after March 2019.  Thus, even if the lockdown amounts to an extraordinary circumstance, it is not clear that the lockdown, rather than Petitioner's neglect of his motion to vacate sentence, stood in Petitioner's way, especially considering Petitioner was apparently able to finish his motion to vacate sentence in a matter of only seven days – the time between the lifting of law library restrictions on June 22 and the completion of his motion on June 29, 2020.  (*See* Document 1 attached to ECF No. 7 at 16).  Given these facts, the lack of any allegations of what steps, if any, Petitioner took toward completing his motion to vacate sentence between November 2019 and March 2020, and the lack of any explanation as to why Petitioner required access to legal materials to complete his motion after March 2020, Petitioner has at the very least failed to show reasonable diligence rather than excusable neglect.  Petitioner is therefore not entitled to equitable tolling, and his motion to vacate sentence must be dismissed as a result.

      10. .  Pursuant to 28 U.S.C. § 2253(c), the petitioner in a § 2255 proceeding may not appeal from the final order in that proceeding unless he makes "a substantial showing of the denial of a constitutional right."  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented here are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  "When the district court denies a habeas [matter] on procedural grounds without reaching the prisoner's underlying constitutional claim, a [Certificate of Appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the [Petitioner's § 2255 motion] states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).   As jurists

of reason would not debate that Petitioner's motion to vacate is clearly time barred or that Petitioner failed to show sufficient diligence to warrant equitable tolling, Petitioner has failed to make a substantial showing of the denial of a constitutional right, and he is therefore denied a certificate of appealability.

    11. In conclusion, Petitioner's motion to vacate sentence (Document 1 attached to ECF No. 7) is DISMISSED as time barred, and Petitioner is DENIED a certificate of appealability. An appropriate order follows.

Dated: January 13, 2021

*s/Susan D. Wigenton*
Hon. Susan D. Wigenton,
United States District Judge